21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathleen BONNER, Plaintiff-Appellant,
v.
FMC LONG-TERM DISABILITY PLAN, Defendant-Appellee.
 No. 92-16010.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided April 22, 1994.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The principal issue in this case is whether the district court erred in upholding a denial of long-term disability benefits to Appellant Kathleen Bonner on the basis that she did not meet the Plan's definition of "total disability." We reverse the decision of the district court and hold that Bonner was "totally disabled" within the meaning of the Plan.
 
 
 3
 The district court had jurisdiction over this case pursuant to 29 U.S.C. Sec. 1132. We have jurisdiction over Bonner's timely appeal pursuant to 28 U.S.C. Sec. 1291.
 
 I. Background
 
 4
 Kathleen Bonner was employed by FMC Corporation as a commercial illustrator. At the commencement of her employment on March 18, 1985, Bonner enrolled in FMC's Long-Term Disability Plan ("LTD Plan"), an employee benefit plan subject to the Employment Retirement Income Security Act of 1974 ("ERISA"). After nine months at FMC, Bonner underwent surgery to treat various spinal cord disorders, principally syringomyelia, the presence of cavities within the spinal cord. A thoracic laminectomy was performed. Bonner's treating physician, Dr. Marshall Rosario, indicated that she would be unable to return to work until July 15, 1986. Bonner received benefits under FMC's Short-Term Disability Plan ("STD Plan") for six months. Upon expiration of the short-term benefits, Bonner applied for full disability benefits under the LTD Plan. She began to receive benefits on June 22, 1986.
 
 
 5
 On July 1, 1987, the benefits administrator informed Bonner that her claim was being reviewed pursuant to the terms of the Plan that imposed a stricter standard for continuation of benefits after the expiration of a two-year period (six months under the STD Plan, and 18 months under the LTD Plan.) In order for Bonner to continue to receive benefits under the Plan, she was required to prove that she was "unable to work at any job for which [she was] or may become reasonably fitted by education, training or experience." On April 28, 1988, the benefits administrator denied the continuation of benefits on the basis that her condition did not satisfy the requisite level of disability. FMC affirmed the benefits administrator's denial of benefits.
 
 
 6
 On appeal, the district court affirmed the denial of benefits because it found that the evidence presented to the plan administrator established that Bonner had full "use of her mental capabilities" and that she could "see, hear and speak without impairment." The court further noted that Bonner could be trained to use these abilities in substantive remunerative activities. Bonner appealed.
 
 II. Discussion
 
 7
 Bonner contends that FMC's denial of long-term disability benefits was improper because she presented substantial evidence that she was "totally disabled" and unable to perform "any job." FMC counters that the district court properly concluded that Bonner was not totally disabled, and that her education, training, and experience rendered her qualified for employment. Although this circuit has not decided the appropriate standard by which to review factual determinations under ERISA, we hold that even under the most deferential standard of review, the evidence does not support the conclusion reached by the plan administrator. See Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) (de novo review required for benefit denials based on plan interpretations); Luby v. Teamsters Health, Welfare and Pension Trust Funds, 944 F.2d 1176, 1178 (3d Cir.1991) (benefit denials based on factual determinations are reviewed de novo ); Pierre v. Connecticut General Life Ins. Co., 932 F.2d 1552, 1553 (5th Cir.) cert. denied, 112 S.Ct. 453 (1991) (benefit denials based on factual determinations are reviewed for abuse of discretion).
 
 
 8
 Rather, the medical evidence presented by Bonner established that she was totally disabled and therefore unable to perform effectively in any job. Bonner indicated that she suffered from numbness in her limbs and back pain, and she experienced unstable balance and often had trouble walking. Bonner's treating physician, Dr. Rosario, indicated that she was totally disabled. Her condition restricted her physical activities, prevented her from lifting more than 10 pounds, and prevented her from sitting for more than four hours at one time. Dr. Rosario's opinion was corroborated by two independent physicians who also concluded that Bonner was totally disabled. In support of their positions, these doctors cited the various physical restrictions placed on Bonner as a result of her condition. For example, they indicated that she would be at risk in any activity which required climbing, balancing, stooping, crouching, kneeling, leaning, crawling, reaching, handling, pushing, pulling and feeling. They also agreed that it was probable that she would remain severely disabled. The fact that FMC tenaciously argued that Bonner's mental capabilities and communication skills qualified her for employment illustrates that even FMC recognized the severity of her physical limitations.
 
 
 9
 Moreover, while FMC's denial of benefits was based on the fact that Bonner was not totally disabled for purposes of every job, FMC provided no suggestions as to what type of work would be available to Bonner. Throughout the appeal process, FMC maintained that there must be "some jobs" that Bonner could perform effectively. Despite Bonner's requests, however, at no time did FMC provide examples of which jobs she was physically able and qualified to perform. The absence of even one suggestion demonstrates the extreme difficulties Bonner would face in pursuing employment opportunities. Further, not only is Bonner presently disabled for employment purposes, the evidence established that her condition is likely to deteriorate. Therefore, it is probable that Bonner will continue to face insurmountable obstacles in finding suitable employment.
 
 III. Conclusion
 
 10
 The district court erred in finding that Bonner was not "totally disabled" within the meaning of the LTD Plan. We need not reach the remaining issues presented on appeal.
 
 
 11
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3